NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 24 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARDO BARRERA-TORRES, AKA Javier Salinas Isidro, AKA Javier Isidro Salinas, | No.   12-73514 |
| | Agency No. A201-184-062 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:      O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Leonardo Barrera-Torres, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo due process contentions, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Barrera-Torres failed to establish a nexus between the harm he fears in Mexico and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We reject Barrera-Torres' contention that the IJ used an exceedingly high standard in evaluating his asylum claim. Further, we lack jurisdiction to consider Barrera-Torres' contention that he established past persecution on account of his membership in the particular social group of "minor males from Tecoman, Mexico attending school" because he did not exhaust it

2                                                                      12-73514

before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, in the absence of a nexus to a protected ground, we deny Barrera-Torres' petition as to his asylum and withholding of removal claims.

Substantial evidence also supports the agency's denial of Barrera-Torres' CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

Finally, we reject Barrera-Torres' contention that the agency denied him due process by ignoring evidence. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**